## Commonwealth v. Monatt

*James R. Marsh,* district attorney, for Commonwealth.

*Maxwell H. Cohen,* for defendant.

DAVIS, P. J., October 31, 1967.—This case comes before us pursuant to a writ of certiorari, issued on October 14, 1966, to John T. Grady, Esq., Justice of the Peace of Tobyhanna, Coolbaugh Township, Monroe County, Pa. From the record transmitted, it appears that, on December 1, 1965, Trooper Harold S. McElroy, of the Pennsylvania State Police, filed an information charging that defendant, M. Charles Monatt, at 9:15 p.m., on November 30, 1965, operated a Pontiac coupe on Route No. 611 in Coolbaugh Township at a speed of 73 miles per hour in a zone where 50 miles per hour was the legal limit, in violation of section 1002, subsec. B, paragraph 6, of The Vehicle Code. The information contained statements that: (a) official warning signs had been erected along the part of the highway in question; (b) defendant's speed was timed by an approved type of electronic speed meter, model S-5, serial no. 5494; and (c) said meter had been calibrated and tested for accuracy within a period of 30 days prior to the alleged violation. On December 2, 1965, the justice of the peace sent defendant by registered mail a copy of the information, together with notice to appear within 10 days from the date of the notice. On December 10, 1965, defendant's attorney appeared in response to the notice and requested that a hearing be granted. The hearing, held on October 6, 1966, was attended by defendant, his attorney and Trooper McElroy. Defendant was informed of his constitutional rights. He did not testify. Trooper McElroy, after being sworn, gave testimony in support of the charge and exhibited a certificate of inspection of radar machine no. 5494, dated November 11, 1965, license no. FCC P13-5264. At the conclusion of the

hearing, the justice of the peace adjudged defendant guilty and ordered him to pay a fine of $10 and $5 costs.

Counsel does not contend that the justice of the peace lacked jurisdiction of the subject matter, or that defendant was not guilty of the charge. The exceptions filed assert that the record of the justice does not support conviction, because it allegedly lacks the following elements: (1) proof of the effective range of the radar apparatus and the distance of defendant's vehicle from the apparatus at the time the alleged reading was made; (2) attachment to the record of the original certificate of accuracy of the radar apparatus which was exhibited by Trooper McElroy at the hearing; (3) proof that the S-5 meter was approved by the Secretary of Revenue; (4) proof concerning the interval for radar warning signs prescribed by the Secretary of Revenue [sic]; and (5) proof of the date of the alleged offense and of the official speed limit at the place thereof.

Exploration of merits of these exceptions will not be necessary for the reason that the record indicates that defendant has paid the fine and costs. As a result, the issues which defendant here seeks to raise on certiorari, as distinguished from an appeal, have become moot, and the writ must be quashed on our own motion: Yeo v. Commonwealth, 24 Beaver 104, 106, 107, 108 (C. P., Beaver Co., 1962); Commonwealth v. Deisroth, 1 D. & C. 2d 504, 507 (C. P., Bucks Co., 1954).

It is true that the record does not contain an express statement that the fine and costs have been paid. Indeed, the petition for the writ of certiorari contains the following allegation:

"2. Petitioner neither paid the fine and costs, nor appeared for a hearing, *within the time prescribed by law*". (Italics supplied.)

This is a statement, not that defendant *never* paid the fine and costs, but that he did not do so within some period, conceived to be prescribed by law as limiting the power of the justice to hold an effective hearing. While it is a remarkable circumstance in this case that the hearing did not take place until 10 months after defendant's attorney appeared for him in response to the notice, this lapse of time did not vitiate the legality of the hearing when it was held: Commonwealth v. Walker, 28 D. & C. 2d 727 (Q. S., Berks Co., 1962). On the other hand, examination of the justice's transcript yields presumptive evidence that the fine and costs were, in fact, paid. This was prepared on a printed form in which the relevant blank spaces were filled by typewriter. The part relating to sentence reads:

". . . I do hereby sentence the said Defendant to pay the costs of these proceedings and a fine of $10.00, and in thereof shall undergo imprisonment in the County Jail . . ."

Since the words "in default of payment" were lined out by typewriter, we conclude that defendant paid the fine and costs at the time of his conviction on October 6, 1966. In an analogous case, Commonwealth v. Deisroth, supra (1 D. & C. 2d 504, 507), Judge Satterthwaite said:

"The fact that the payment of the fine and costs does not affirmatively appear in the transcript of the justice of the peace seems totally immaterial. Such payment was conceded at the bar of this court at argument and inferentially is necessarily established by the transcript itself. No jail sentence was imposed in default of payment as would have been required by section 1002 of the code. No bond or bail was taken for defendant's further appearance or future payment thereof, even had such procedure been authorized, a question we need not decide. While this exact question

does not seem to have arisen in any of the cases cited above, it does appear in at least one of them that the fact of payment of the fine and costs came before the court, not on the transcript of the justice, but rather in the petition for certiorari: Commonwealth v. Strickland, 71 D. & C. 104, 107.

"We conclude that if the moot nature of the case appears in any fashion, and there neither is nor could be any question about such conclusion, this court will act of its own motion in refusing to clutter its already overcrowded calendar therewith. In the present case there can be no question but that these proceedings actually were closed and ended on the records of the justice prior to the application for the writ of certiorari. We certainly will not assume that he, after finding defendant guilty, simply released her without satisfaction of the mandatory sentence imposed by the code".

In the light of the foregoing authorities, we make the following

ORDER

And now, October 31, 1967, the writ of certiorari issued in the above-entitled case is quashed.